```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

MARJORIE A. SKILLMAN,            )
          Plaintiff,             )
                                 )
     v.                          )   C.A. No. 10-11407-PBS
                                 )
SUFFOLK JEWELERS & PAWNBROKERS,  )
          Defendant.             )

                       MEMORANDUM AND ORDER
                         December 7, 2010
SARIS, U.S.D.J.

## I. INTRODUCTION

On August 12, 2010, plaintiff Marjorie A. Skillman ("Skillman"), a resident of Boston, Massachusetts, filed a Complaint stemming from a pawnbroking transaction with the defendant Suffolk Jewelers & Pawnbrokers. Specifically, Skillman alleges that she pawned certain items of jewelry (a coin charm and a gold chain) worth $7,800.00, and entered into a loan contract with the defendant. She asserts she only needed $500.00 to pay a utility bill and did not need a loan in excess of that; however, the pawnbroker indicated she could borrow up to $1,000.00.[1] Skillman claims that at a later point, she attempted to discover the payment amount in order to redeem her jewelry, but was told "not to worry about the payment at that present time because it was not due and to call back...." Compl. at ¶ 6.

---

[1]Skillman attaches the pawn contract indicating that the amount financed was $600.00, and that the finance charge was $102.00 (a 36% annual percentage rate), maturing on June 21, 2008. A second contract indicates another loan for $225.00, with a finance charge of $42.00 (also a 36% annual percentage rate), maturing on July 17, 2008. See Exhibit (Docket No. 1 at 4).

Skillman called back and again was told there was no rush for the time to redeem her jewelry.  Thereafter, Skillman attempted to redeem her jewelry and was told that the pawned items had been melted down.  She seeks monetary damages.

On November 29, 2010, this Court issued an Order (Docket No. 5) directing the issuance of a summons.  Service of process was effected on the defendant on October 22, 2010.[2]  Thereafter, on November 5, 2010, the defendant filed a Motion to Dismiss (Docket No. 8), along with a Memorandum in support (Docket No. 9).  The defendant moves to dismiss this action <u>with</u> prejudice, under both Federal Rule of Civil Procedure 12(b)(1)(lack of subject matter jurisdiction), and Rule 12(b)(6)(failure to state a plausible claim upon which relief may be granted).  The defendant also seeks costs and attorneys fees.

The defendant contends that pawnbroking businesses in the City of Boston are licensed; they serve an important and underserved consumer market, by providing credit to customers unable to obtain funds through traditional bank loans due to no established credit, poor credit histories, and/or the small size of the loans needed.  The defendant does not take issue with the recitation of underlying facts alleged by Skillman regarding the loan transaction entered into with her; rather, the defendant

---

[2]Skillman has identified the defendant as Suffolk Jewelers & Pawnbrokers; however, the defendant contends the proper legal name is "Suffolk Jewelers, Inc."  The defendant has not moved to dismiss or substitute based on this misnomer.

contends that these bare allegations do not confer federal jurisdiction, nor do they state a cognizable claim for relief, in accordance with the pleading requirements of Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). The defendant contends that there is no diversity of citizenship in this action because both parties are citizens of Massachusetts, nor is there any federal claim alleged in Skillman's Complaint sufficient to confer federal question jurisdiction. The defendant focuses on the fact that Skillman has not alleged that she repaid the funds that she received, nor has she alleged that defendant violated the terms of their agreement. Finally, the defendant contends that on her Civil Cover Sheet attached to her Complaint, Skillman checked off the box next to the words "Truth in Lending Act" ("TILA"), but she failed to make any allegations regarding any rule or regulation under TILA that was violated by the defendant. It argues that the bare assertion by Skillman that she wants her collateral returned to her, or that her collateral was destroyed, is not sufficient to set forth a TILA claim that would invoke the federal question jurisdiction of this Court, or that would state a plausible claim for relief.

In response, on November 15, 2010, Skillman filed a Motion to Extend Time to File in the State Court (Docket No. 10). In that pleading, Skillman seeks an extension because: "[t]he jurisdiction if lacking as defendant did claim to allow my case in the state court for subject matters in this case." Id.

On November 17, 2010, Skillman filed a Memorandum (Docket No. 11) in opposition to the Motion to Dismiss. The pleading is virtually nonsensical. From what can be discerned, Skillman reiterates the allegations in her Complaint, parrots the statements set forth in the defendant's Memorandum in support of its Motion to Dismiss (outlining the background of the defendant's pawnbroking business), and takes issue in general with the pawnbroking scheme as it takes advantage of customers. Skillman does not address, in any meaningful fashion, the merits of the arguments set forth by the defendant.

## II. DISCUSSION

A. <u>Standard of Review</u>

1. <u>Subject Matter Jurisdiction</u>

Federal district courts may exercise jurisdiction over civil actions arising under federal laws, <u>see</u> 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States"), and over certain actions in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, <u>see</u> 28 U.S.C. § 1332.

With respect to "federal question" jurisdiction, a claim arises under federal law within the meaning of § 1331 if a federal cause of action emerges from the face of a well-pleaded complaint. <u>See City of Chicago v. International College of Surgeons</u>, 522 U.S. 156, 163 (1997). The well-pleaded complaint

rule restricts the exercise of federal question jurisdiction to instances in which a federal claim is made manifest within the four corners of the plaintiff's complaint. <u>Viqueira v. First Bank</u>, 140 F.3d 12, 17 (1st Cir. 1998).

With respect to "diversity" jurisdiction, the amount in controversy must exceed $75,000.[3] 28 U.S.C. § 1332(a). Additionally, diversity must be complete: the citizenship of each plaintiff must be shown to be diverse from that of each defendant. <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 373-74 (1978). Where the citizenship of plaintiff and the defendant are not diverse, then there is no diversity jurisdiction under § 1332 and plaintiff's claims against the defendant must be dismissed. <u>Northeast Federal Credit Union v. Neves</u>, 837 F.2d 531, 533 (1st Cir. 1988)(vacating and directing district court to dismiss, no diversity jurisdiction existed); <u>Paparella v. Idreco Invest.</u>, 858 F. Supp. 283, 284-85 (D. Mass. 1994)(dismissing).

Where subject matter jurisdiction is lacking, this Court

---

[3]The framework for determining whether a cause of action satisfies the jurisdictional minimum was established by the Supreme Court in <u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283 (1938). The amount specified by the plaintiff controls for jurisdictional purposes, as long as that amount is asserted in good faith. <u>Id.</u> at 288. A court may dismiss an action for insufficiency of the amount in controversy only when, "from the face of the pleadings, it is apparent, to a legal certainty, ... that the plaintiff never was entitled to recover" a sum in excess of the jurisdictional minimum. <u>Id.</u> at 289; <u>accord</u> <u>Spielman v. Genzyme Corp.</u>, 251 F.3d 1, 5 (1st Cir. 2001).

must proceed no further.  McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004); In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988)("It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.").

In addition to the Court's inherent authority to dismiss, *sua sponte*, for lack of jurisdiction, Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a party may move to dismiss a case for lack of subject matter jurisdiction. United States v. Lahey Clinic Hosp., Inc., 399 F.3d 1, 8 (1st Cir. 2005)("A motion to dismiss an action under Rule 12(b)(1) ... raises the fundamental question whether the federal district court has subject matter jurisdiction over the action before it." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350, at 61 (3d ed. 2004)).  The party invoking the jurisdiction of a federal court has the burden of proving jurisdiction exists.  Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995).  Amorphous and/or conclusory allegations that federal jurisdiction exists is not sufficient to survive a motion to dismiss.  See id.; United States ex rel. Duxbury v. Ortho Biotech Prods., L.P., 579 F.3d 13, 28 (1st Cir. 2009)(court need not credit conclusory allegations); Rodríguez v. SK & F Co., 833 F.2d 8, 8 (1st Cir. 1987)(*per curiam*)(where plaintiff failed to allege grounds supporting conclusory allegations of jurisdiction,

dismissal for lack of subject matter jurisdiction was appropriate).

   2.   <u>Motions to Dismiss Under Rule 12(b)(6)</u>

   To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must present "only enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "The factual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u> at 555. To expand on this standard further, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1949 <u>citing</u> <u>Twombly</u>, 550 U.S. at 556. In other words:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. <u>Id.</u> Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" <u>Id.</u> at 557. The Supreme Court in <u>Iqbal</u> explained that "bare assertions ... amount[ing] to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim," for the purposes of ruling on a motion to dismiss, are not entitled to an assumption of truth." <u>Iqbal</u>, 129 S. Ct. at 1951. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion--even if that conclusion is cast in the form of a factual allegation." <u>Id.</u> "... [i]n sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim

entitling a plaintiff to relief. <u>Id.</u> Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not "show [n]"--"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

<u>Anthony v. Ranger</u>, 2010 WL 1268031, *2 (E.D. Mich 2010).[4]

B. <u>Lack of Subject Matter Jurisdiction</u>

With these standards in mind, Skillman's Complaint fails to set forth any basis from which this Court could find that there is subject matter jurisdiction, either under federal question jurisdiction, 28 U.S.C. § 1331, or diversity jurisdiction, 28 U.S.C. § 1332.

---

[4]The Tenth Circuit has articulated the plausibility standard as referring "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible. The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief. <u>Robbins v. Oklahoma</u>, 519 F.3d 1242, 1247(10th Cir. 2008)(internal quotations and citations omitted); <u>accord</u> <u>Brooks v. Ross</u>, 578 F.3d 574, 581-82 (7th Cir. 2009)("The behavior Brooks has alleged that the defendants engaged in is just as consistent with lawful conduct as it is with wrongdoing. Without more, Brook's allegations are too vague to provide notice to defendants of the contours of his § 1983 due process claim."). <u>Compare</u> <u>Shoregood Water Co. v. U.S. Bottling Co.</u>, No. RDB 08-2470, 2009 WL 2461689, at *4 (D. Md. 2009)("On a spectrum, the Supreme Court has recently explained that the plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a probability requirement."), <u>with</u> <u>Straeten v. Roper</u>, No. 4:09CV1132 TCM, 2009 WL 2757091, at *1 (E.D. Mo. 2009)("When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.").

First, with respect to diversity jurisdiction under § 1332, Skillman has not demonstrated that citizenship of the parties is completely diverse.  She is a resident (and presumed citizen) of Massachusetts, and alleges that the defendant is also a resident (and presumed citizen) of Massachusetts as well.  In light of this, Skillman has not set forth diversity of citizenship as a legitimate basis for subject matter jurisdiction.  Moreover, even if diversity existed, there is no basis to find that Skillman's amount in controversy exceeds $75,000.00, as her asserted monetary loss is $7,800.00.  It cannot reasonably be inferred that Skillman's actual and/or punitive damages are in excess of $75,000.00; rather, from the face of the pleadings, the Court finds that it is clear to a legal certainty that the amount in controversy does not exceed $75,000.00.

Second, with respect to federal question jurisdiction (the basis for jurisdiction asserted in the Civil Cover Sheet attached to the Complaint), Skillman does not set forth in the body of her Complaint any discernible federal cause of action upon which relief may be granted in accordance with the pleading requirements of Iqbal.  Skillman simply unfolds the alleged underlying facts regarding the proposed pawnbroking transaction, and claims that she has suffered the loss of her jewelry because the items had been melted down.

The Court has considered that in her Civil Cover Sheet,

9

Skillman has checked off the pre-printed box indicating that her cause of action falls under TILA. Even if this Court were to assume that Skillman intended to assert TILA as the basis for her claim for damages, the Court agrees with the defendant that she fails to set forth a basis for recovery under this statute, and thus, concomitantly, fails to set forth a *bona fide* basis for the federal question jurisdiction of this Court.

TILA is a federal law designed to promote the informed use of consumer credit and to protect consumers from dishonest credit transactions by requiring lenders to fully disclose all costs and key terms of the lending agreement used in lending documents. See 15 U.S.C. § 1601 *et seq.;* § 1640 (Civil Liability). The regulations implementing the statute are commonly referred to as "Regulation Z," codified at 12 Code Fed. Regs. § 226. 1 *et seq.* These required disclosures include, *inter alia*, the name and address of the creditor, the amount financed, finance charges, annual percentage rates, variable rate information, payment schedule, total of payments, demand feature, total sales price, prepayment and late payment policies, insurance requirements, security interest charges, and deposit information.

Here, Skillman does not allege any violation of these required disclosures, and this Court cannot reasonably infer that a "plausible" TILA claim has been pled. Her vague reference to the fact that the defendant advised her she could borrow more

10

money ($1,000.00) is insufficient to invoke a TILA claim as she has not alleged that she was coerced or misled or otherwise made to borrow funds in excess of the amount she needed. Indeed, the attachments to her Complaint indicate that she entered into two loans for varying amounts, on two separate occasions, undermining any reasonable inference that she was forced to borrow more than she wanted. Moreover, Skillman does not allege that the payment terms were altered in violation of TILA; she provides no information whatsoever regarding the reason for the defendant's statements about the time for redeeming her property. Additionally, she provides no information surrounding the circumstances resulting in the melting of her jewelry.

In short, as pled, Skillman presents no *bona fide* basis for the subject matter jurisdiction of this Court, and therefore has failed to meet her burden. Her pleadings in opposition do not provide any persuasive or germane arguments that would lead to any other conclusion; in fact, in light of her Motion for an Extension of Time to File in State Court (Docket No. 10), it appears that Skillman intends to pursue her claims in state court if this Court finds jurisdiction to be lacking.

Accordingly, the defendant's Motion to Dismiss (Docket No. 8)is <u>ALLOWED</u> under Rule 12(b)(1) for lack of subject matter jurisdiction; however, this action shall be <u>DISMISSED</u> <u>without prejudice</u>, and not with prejudice as the defendant requests.

C.  <u>Declination to Reach the Rule 12(b)(6) Issues and Defendant's Request For Attorneys Fees and Costs</u>

In light of the dismissal under Rule 12(b)(1), and, notwithstanding that the *bona fides* of a federal claim have been considered in conjunction with the Rule 12(b)(1) issues, this Court need not address the merits of defendant's motion for dismissal under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

Finally, this Court <u>DENIES</u> the defendant's request for attorneys fees and costs (contained in the body of the motion to dismiss, and not in any separate motion in accordance with the requirements of this Court's Local Rules regarding motion practice).[5]

D.  <u>The Motion for an Extension of Time to File in State Court</u>

In light of the above, Skillman's Motion for an Extension of Time to File in the State Court (Docket No. 10) is <u>DENIED</u>. Skillman has not shown any basis for the grant of this motion, nor has she shown that this Court has jurisdiction to grant the relief requested.

### III.  CONCLUSION

For the foregoing reasons, it is hereby Ordered that:

1. Defendant's Motion to Dismiss (Docket No. 8) is <u>ALLOWED</u> pursuant to Rule 12(b)(1) of the Federal Rules of Civil

---

[5]This ruling does not prohibit the defendant from seeking attorneys fees or costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.

Procedure; no ruling on the motion is necessary with respect to the request for dismissal under Rule 12(b)(6);

2. This action is <u>DISMISSED</u> <u>without</u> <u>prejudice</u> for lack of subject matter jurisdiction;

3. Plaintiff's Motion for an Extension of Time to File in the State Court (Docket No. 10) is <u>DENIED</u>;

4. Defendant's request for an award of attorneys fees and costs is <u>DENIED</u>; and

5. A separate Order for Dismissal shall enter.

SO ORDERED.

<u>/s/ Patti B. Saris</u>
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE